___

**SO ORDERED,**

*Katharine M. Samson*

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: April 4, 2019**

The Order of the Court is set forth below. The docket reflects the date entered.
___

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE:  JONATHAN H. MAGEE | CASE NO. 18-50587-KMS |
|             MICHELLE L. MAGEE | |
| | |
|     DEBTORS | CHAPTER 7 |
| | |
| MICHELLE L. MAGEE | PLAINTIFF |
| | |
| V. | ADV. PROC. NO. 18-06026-KMS |
| | |
| SOUTHERN FINANCIAL SYSTEMS INC. and | DEFENDANTS |
| JOHN DOES 1-10 | |

## OPINION AND ORDER
## GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
## DENYING PLAINTIFF'S CROSS-MOTION

This matter is before the Court on the motion for summary judgment ("Motion"), ECF No. 11,[1] by Defendant Southern Financial Systems Inc. ("SFS"), with response in opposition by Plaintiff/Debtor Michelle L. Magee; and on Magee's cross-motion for partial summary judgment, ECF No. 26.

The Complaint was filed after the alleged "failure of SFS to prevent a prepetition writ of garnishment from being served upon [Magee's] employer post-petition." Magee Br., ECF No. 27 at 1. The Complaint pleads counts for violation of the automatic stay, enforcement of the automatic

---

[1] Unless otherwise indicated, "ECF No. ___" refers to the docket in this adversary proceeding.

stay, and civil contempt—all core under 28 U.S.C. § 157(b)(2)(O). The Complaint also pleads counts under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), that are outside the bankruptcy court's subject matter jurisdiction. SFS moves for summary judgment on the entire Complaint, while Magee moves for summary judgment only under Count I for a willful violation of the stay as well as impliedly under Count II for enforcement of the stay and Count III for civil contempt.

As to Count I, summary judgment is granted in favor of SFS and against Magee, thereby rendering Counts II and III moot. Counts IV and V, under the FDCPA, are dismissed without prejudice for lack of subject matter jurisdiction.

## UNDISPUTED FACTS

1. Dec. 13, 2017 – SFS obtained a $797.72 default judgment against Magee in the Justice Court of Jackson County, Mississippi. Justice Court File, ECF No. 11-1 at 7.

2. Jan. 31, 2018 – SFS filed a suggestion of garnishment with the justice court. *Id.* at 8.

3. Mar. 27, 2018 – Magee and her husband filed their joint chapter 7 case. *In re Magee*, No. 18-50587-KMS, ECF No. 1.

4. Apr. 3, 2018 – SFS received the Notice of Chapter 7 Bankruptcy Case issued by the bankruptcy clerk's office. Fiegenbaum Aff. ¶ 5, ECF No. 11-4 at 2.

5. Apr. 4, 2018 – SFS faxed the justice court, requesting that it cancel the judgment and the garnishment because of the pending bankruptcy case. Grogan Aff. ¶ 9, ECF No. 11-3 at 2.

6. The fax machine SFS used to transmit the request includes a default feature, which was activated on this machine, that prints an error report when a fax transmission is unsuccessful for any reason, whether for a "send" error or a "receive" error. Jarrell Aff. ¶¶ 4-5, ECF No. 11-5 at 1-2; Fax Machine User Guide, *id.* at 6. This feature has functioned

properly in the past. Jarrell Aff. ¶ 7, ECF No. 11-5 at 2. The machine did not print an error report for the fax to the justice court. Grogan Aff. ¶ 10, ECF No. 11-3 at 2.

7. Because the machine did not print an error report, SFS believed the transmission was successful. Amacker Aff. ¶ 8, ECF No. 11-2 at 2.

8. Apr. 13, 2018 – The justice court issued a writ of garnishment for service on Magee's employer, the Biloxi Schools. ECF No. 11-1 at 10.

9. May 22, 2018 – An officer of Jackson County served the writ of garnishment on the Biloxi Schools. ECF No. 11-1 at 13.

10. May 22, 2018 – The Biloxi Schools sent Magee a letter notifying her that it had received the garnishment. ECF No. 1-1.

11. June 15, 2018 – Magee filed this adversary proceeding. ECF No. 1.

12. June 19, 2018 – SFS received service of summons and the Complaint. Amacker Aff. ¶ 13, ECF No. 11-2 at 3.

13. June 19, 2018 – The President of SFS, Kimberly Amacker, telephoned Laura Hastey at the justice court and asked why the garnishment had not been released and the judgment against Magee canceled as requested in SFS's fax on April 4. The fax was not in the justice court's file. At Hastey's instruction, Amacker re-faxed the April 4 notice, adding the Biloxi Schools' phone number so the court could notify the Biloxi Schools that the garnishment proceeding had been canceled. *Id.* ¶¶ 11-12.

14. In Amacker's memory, SFS heretofore has had no problems exchanging faxes with the Justice Court of Jackson County, Mississippi. *Id.* ¶ 9, ECF No. 11-2 at 2.

15. June 19, 2018 - The justice court issued a Dismissal of Garnishment, which it faxed to the Biloxi Schools. ECF No. 11-1 at 16-18.

16. No monies belonging to Magee were withheld or remitted by the Biloxi Schools to the justice court or by the justice court to SFS. Amacker Aff. ¶ 14, ECF No. 11-2 at 3; Grogan Aff. ¶ 12, ECF No. 11-3 at 3.

17. After SFS's fax to the justice court on April 4 and before service of the summons and Complaint on June 19, neither the justice court, Magee, her attorney, nor the Biloxi Schools contacted SFS concerning the judgment or the garnishment proceeding. Amacker Aff. ¶ 13, ECF No. 11-2 at 3.

## CONCLUSIONS OF LAW

### I. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also* Fed. R. Bankr. P. 7056 (applying Rule 56 to adversary proceedings). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable [fact-finder] to return a verdict for the non-moving party." *Ginsberg 1985 Real Estate P'ship v. Cadle Co.*, 39 F.3d 528, 531 (5th Cir. 1994) (citations omitted). A party asserting that a fact either is genuinely disputed or cannot be genuinely disputed must support the assertion by citations "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

The moving party bears the initial responsibility of informing the court of the basis for its motion and the parts of the record that indicate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Once the moving party presents the . . . court

4

with a properly supported summary judgment motion, the burden shifts to the nonmoving party to show that summary judgment is inappropriate." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). But the nonmovant must meet its burden with more than metaphysical doubt, conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

On cross-motions for summary judgment, each movant must establish the absence of a genuine issue of material fact and the movant's entitlement to judgment as a matter of law. *Shaw Constructors v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 539 (5th Cir. 2004). "If there is no genuine issue and one of the parties is entitled to prevail as a matter of law, the court may render summary judgment." *Id.*

### II. SFS Did Not Willfully Violate the Automatic Stay and Is Therefore Entitled to Summary Judgement on Count I.

The automatic stay arises upon the filing of a bankruptcy case to operate as "a self-executing injunction . . . prevent[ing] creditors from taking any collection actions against the debtor or the property of the debtor's estate for pre-petition debts." *Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348, 354-55 (5th Cir. 2008) (citing 11 U.S.C. § 362(a)). Specific to the facts here, the stay enjoins creditors from attempting to recover a prepetition claim against the debtor by continuing to prosecute a judicial proceeding commenced before the bankruptcy case was filed. 11 U.S.C. § 362(a)(1); *see also* 11 U.S.C. § 362(a)(2) (enjoining "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the [bankruptcy] case").

The Bankruptcy Code provides a private right of action to an individual injured by a "willful" violation of the stay. *See* 11 U.S.C. § 362(k)(1). A stay violation is willful if "the defendant knew of the automatic stay and the defendant's actions which violated the stay were intentional." *Campbell*, 545 F.3d at 355 (quoting *Brown v. Chesnut (In re Chesnut)*, 422 F.3d 298, 302 (5th Cir. 2005).

"In a garnishment proceeding, no amounts should be seized or withheld from the [d]ebtor's wages after the filing of a bankruptcy petition." *In re Briskey*, 258 B.R. 473, 477 (Bankr. M.D. Ala. 2001). A garnishing creditor, upon receiving notice of the bankruptcy, must implement the stay by "tak[ing] all necessary action" to stop the garnishment. *Id.* A creditor's good faith effort may satisfy this obligation, even if the effort does not stop the garnishment immediately. *See Buchanan v. First Family Fin. Servs. (In re Buchanan)*, 273 B.R. 749, 751 (Bankr. M.D. Ga. 2002) (holding that creditor's "careful and deliberate steps" in repeatedly instructing garnishee to cease making deductions was good faith effort that satisfied creditor's obligation to comply with § 362(a)).

Here, SFS ultimately took all necessary action to release its garnishment. According to unrefuted affidavits, SFS faxed the justice court on April 4 to cancel the judgment and dismiss the garnishment, using a fax machine that was programmed to print an error report when a transmission was unsuccessful; this feature had functioned correctly in the past; and the machine did not print an error report for the April 4 fax. When service of the Complaint alerted SFS that the garnishment had not been canceled, SFS promptly contacted the justice court by phone and follow-up fax, resulting in cancelation of the garnishment before any funds were withheld from Magee's paycheck. That SFS's action was not sufficient to immediately release the garnishment was a result of circumstances that SFS either did not imagine—that the justice court did not receive

6

the fax; or could not control—that the justice court received but then misplaced or did not act on the fax. SFS's actions therefore constituted a good faith effort that satisfied the obligation to comply with § 362(a).

Against this conclusion, Magee asserts arguments based on facts and on law. All these arguments fail.

### A. Magee's Fact-Based Arguments Fail.

Magee first argues that SFS's failure to attach to its Motion a "Fax Send Confirmation Report" dated April 4 means SFS did not establish that it faxed the justice court that day. Resp., ECF No. 14 at 2. This argument ignores the unrefuted affidavit of John Jarrell, the employee in charge of SFS's information and technology systems, who stated that SFS's fax machine is set to notify the user when a fax transmission is *unsuccessful*. *See* Aff. ¶ 4, ECF No. 11-5 at 1. Magee also states—incorrectly—that attachments to SFS's affidavits include a fax send confirmation report dated June 19, 2018. ECF No. 14 at 2. In fact, it is the justice court file that includes a copy of SFS's fax cover sheet date-stamped *received* on June 19, 2018. *See* ECF No. 11-1 at 15. This document is consistent with Amacker's statement that she re-faxed the notification on that date. *See* Aff. ¶ 11, ECF No. 11-2 at 3.

Magee next argues that SFS should have submitted an affidavit from an employee of the justice court that it "received any notification from [SFS] prior to the initiation of this [adversary proceeding]," presumably to establish whether the justice court received the April 4 fax. Resp., ECF No. 14 at 2. This argument is misplaced. It is undisputed that the fax was not in the justice court's file. *See* Amacker Aff. ¶ 11, ECF No. 11-2 at 3. Whether the fax was not there because the justice court did not receive it or because the justice court misplaced it is immaterial. What is material is that SFS had no reason to believe its fax notification was ineffective—a fact established

7

by the unrefuted affidavits of Amacker, Jarrell, and Brittney Grogan, who stated that she personally sent the fax and that the machine did not indicate a transmission error, Aff. ¶¶ 9-10, ECF No. 11-3 at 2.

Finally, Magee attacks the credibility of SFS's affidavits, arguing that all its affiants had "a personal incentive to say that the fax was sent April 4." ECF No. 14 at 2. This argument also fails. "A party may not defeat a properly supported motion for summary judgment merely by raising generalized questions as to the credibility of the movant's affiants." *377 Realty Partners, L.P. v. Taffarello*, 561 F. Supp. 2d 659, 662 (E.D. Tex. 2007). "So long as an affidavit is 'clear, direct, and free from contradictions and inconsistencies,' then summary judgment may be granted based upon the affidavits of interested parties." *Id.* (quoting *Dickson v. Am. Red Cross Nat'l Headquarters*, No. 3:95-CV-2391-P, 1997 WL 118415, at *5 (N.D. Tex. Mar. 10, 1997)). SFS's affidavits meet that standard.

### B.  Magee's Legal Argument Fails.

Relying on an unpublished case from a bankruptcy court in New York, Magee argues that SFS's duty to comply with the automatic stay went beyond "simply notifying" the justice court to stop the garnishment. *See In re Schultz*, No. 07-64144, 2009 WL 2872858, at *4 (Bankr. N.D.N.Y. Feb. 20, 2009). "There must be some degree of reasonable follow-up whereby the creditor is assured that the collection activity has ceased." *Id.*

In *Schultz*, on the same day the collections firm received notice of the bankruptcy filing, it "issued releases to the banks who had restrained funds belonging to the Debtors as well as a letter issued to the Onondaga County Sheriff directing him to stop the garnishment." *Id.* at *1. The problem was that the prepetition income execution order had not been issued to the sheriff of Onondaga County; it had been issued to a law enforcement official in another county, the name of

8

which appeared adjacent to "Onondaga" in an alphabetically ordered computer drop-down list. *Id.* at *1, *3. Because the stop-garnishment letter was sent to the wrong county, two of the debtor's paychecks were garnished. *Id.* at *2. The collections firm became aware of its error only upon the filing of the § 362(k) motion. *Id.* at *3.

Here, unlike in *Schultz*, Magee's paycheck was never garnished. This is not to say that the lengths to which a garnishing creditor must go to comply with § 362(a) depend on whether funds were withheld. Under other facts, even if no funds were withheld, not requiring creditor follow up could "open[] the door to continued abuse of the stay," *id.* at *5. But here, SFS attempted to stop the garnishment by means that had been reliable in the past—a means the justice court itself later used to notify the Biloxi Schools that the garnishment had been dismissed. *See* Justice Court Fax, ECF No. 11-1 at 16-18. Going forward, however, SFS might reconsider whether it should rely solely on a fax transmission unacknowledged by the intended recipient.

### III. Counts II and III Are Moot.

Count II of the Complaint requests that SFS "be enjoined from any further contact with [Magee] in regards to all pre-petition debts unless relief from the Automatic Stay is granted or the case is dismissed without a discharge." Compl. ¶ 38, ECF No. 1 at 6. Aside from the fact that the Complaint does not allege that SFS ever initiated any postpetition contact with Magee, the undisputed facts show that the judgment and garnishment were canceled. Count II is therefore moot.

Count III of the Complaint seeks damages and attorney's fees under 11 U.S.C. § 105 for SFS's alleged violation of the automatic stay. *Id.* ¶¶ 40-41. "Any entity that willfully violates the automatic stay is subject to the bankruptcy court's civil contempt power [under § 105(a)]." *In re*

*Adams*, 516 B.R. 361, 369 (Bankr. S.D. Miss. 2014). But SFS did not willfully violate the stay. Count III is therefore moot.

### IV. Counts IV and V Are Dismissed for Lack of Subject Matter Jurisdiction.

"[E]very federal court, whether trial or appellate, is obliged to notice want of subject-matter jurisdiction on its own motion." *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 131 n.1 (1995). The jurisdictional analysis "is properly applied not to the case as a whole but as to each cause of action within a case." *Davis v. Life Inv'rs Ins. Co. of Am.*, 282 B.R. 186, 193 n.4 (S.D. Miss. 2002). Here, the bankruptcy court lacks subject matter jurisdiction over the counts alleging violations of the FDCPA.

Bankruptcy courts have jurisdiction over three kinds of proceedings associated with the administration of the bankruptcy estate: proceedings "arising under" the Bankruptcy Code, "arising in" the bankruptcy case, or "related" to the bankruptcy case. 28 U.S.C. § 1334(b).

"Arising in" and "arising under" proceedings are core. *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987). These proceedings either arise only in a bankruptcy case ("arising in") or they involve a right created by bankruptcy law ("arising under"). *Id.* A non-exclusive list of core proceedings is set out in 28 U.S.C. § 157(b)(2)(A)-(P).

"Related" proceedings are non-core. 28 U.S.C. § 157(b)(3). These proceedings do not invoke a substantive bankruptcy right and can exist outside of bankruptcy. *In re Wood*, 825 F.2d at 97. The test for related-to jurisdiction is "whether the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *Id.* at 93 (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)).

Bankruptcy judges are authorized to enter final orders and judgments only in core proceedings. 28 U.S.C. § 157(b)(1). Bankruptcy judges may hear non-core (related) proceedings

but must submit proposed findings of fact and conclusions of law to the district court unless all parties consent to the bankruptcy court's entry of judgment. 28 U.S.C. § 157(c)(1)-(2). If a bankruptcy court does not have either core or related-to jurisdiction, it has no jurisdiction to hear the proceeding at all.

Here, Count IV alleges that SFS "misrepresented the legal status of the debt . . . by applying for a writ of garnishment and serving it upon the Plaintiff's employer despite the effect of the Automatic Stay," thereby violating 15 U.S.C. § 1692e(2). Compl. ¶ 43. Count V alleges that SFS "attempted to collect a Judgment subject to the Automatic Stay, and in pursuing collection of the Judgment, published the Judgment to the Plaintiff's employer, embarrassing and shaming the Plaintiff at her place of employment," thereby violating 15 U.S.C. § 1692d. Compl. ¶¶ 46-47.

Both Count IV and Count V allege postpetition violations of the FDCPA.[2] "Most courts that have considered this issue have found that the bankruptcy court does not have subject matter jurisdiction over a Chapter 7 debtor's post-petition claims for violation of the FDCPA." *Atwood v. GE Money Bank (In re Atwood)*, 452 B.R. 249, 255 (Bankr. D.N.M. 2011) (collecting cases).

Here, consistent with the majority analysis, neither Count IV nor Count V is core, because a cause of action under the FDCPA does not arise only in a bankruptcy case or involve a right created by bankruptcy law. *See* 15 U.S.C. § 1692k(d) (providing that an action under the FDCPA "may be brought in any appropriate United States district court . . . or in any other court of competent jurisdiction.").

---

[2] Count IV should be understood to allege only a postpetition violation (serving the writ of garnishment) predicated on an act that occurred prepetition (filing the suggestion of garnishment). This construction comports with the rest of the Complaint, the gravamen of which is violation of the automatic stay. Alternatively, Count IV would assert that SFS misrepresented the legal status of the debt in two ways, first by filing the suggestion (a prepetition action) and then by causing the writ to be served notwithstanding the stay (a postpetition action).

11

And neither count is non-core (related to the bankruptcy case), because the alleged FDCPA violations occurred postpetition. The chapter 7 bankruptcy estate includes only prepetition causes of action, meaning that this cause of action belongs to Magee, as would any recovery. *Compare* 11 U.S.C. § 541(a)(1) (providing that estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case"), *with* 11 U.S.C. §§ 1115(a), 1306(a) (providing that estate under chapters 11 and 13 includes property acquired after commencement of case). Consequently, it is inconceivable that litigation of the FDCPA counts, whatever the outcome, could have any effect on the estate. As a result, there is no non-core jurisdiction and therefore no bankruptcy subject matter jurisdiction at all over Counts IV and V. *See Marshall v. PNC Bank, N.A. (In re Marshall)*, 491 B.R. 217, 230 (Bankr. S.D. Ohio 2012); *Wynne v. Aurora Loan Servs., LLC (In re Wynne)*, 422 B.R. 763, 770-71 (Bankr. M.D. Fla. 2010); *Harlan v. Rosenberg & Assocs., LLC (In re Harlan)*, 402 B.R. 703, 712 (Bankr. W.D. Va. 2009); *Csondor v. Weinstein, Treiger & Riley, P.S. (In re Csondor)*, 309 B.R. 124, 130 (Bankr. E.D. Pa. 2004); *Goldstein v. Marine Midland Bank, N.A. (In re Goldstein)*, 201 B.R. 1, 5 (Bankr. D. Me. 1996); *cf. Buckingham v. Baptist Mem'l Hosp.-Golden Triangle, Inc.*, 283 B.R. 691, 692-94 (N.D. Miss. 2002) (holding that lawsuit filed after bankruptcy proceedings were concluded and that alleged, among other claims, violations of FDCPA would not be transferred to bankruptcy court because estate would be unaffected regardless of outcome).

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3) (made applicable in bankruptcy by Fed. R. Bankr. P. 7012(b)). Accordingly, Counts IV and V are dismissed.

## ORDER

Based on the undisputed facts, SFS did not willfully violate the automatic stay.

**IT IS THEREFORE ORDERED** that SFS's motion for summary judgment is **GRANTED** as to Count I; that

Counts II and III are **DISMISSED AS MOOT**; and that

Counts IV and V are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Magee's cross-motion for partial summary judgment is **ORDERED DENIED.**

##END OF ORDER##